**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 5 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1291 |
| Plaintiff - Appellee, | D.C. No. 2:18-cr-00064-TOR-1 |
| v. | |
| KEENAN TYREL SEYMOUR-SMITH, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of Washington
Thomas O. Rice, District Judge, Presiding

Submitted May 29, 2024[**]

Before:     FRIEDLAND, BENNETT, and SANCHEZ, Circuit Judges.

Keenan Tyrel Seymour-Smith appeals from the district court's judgment and

challenges the 12-month sentence imposed upon the revocation of his supervised

release.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Seymour-Smith contends that the district court failed to explain the sentence

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

adequately and did not address his mitigating arguments. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and conclude that there is none. The record shows that the district court considered Seymour-Smith's request for a sentence that would run fully concurrent with his state sentence for his new offenses, but believed that his admitted violation warranted a separate sanction. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc) (adequate sentencing explanation may be inferred from the record as a whole); *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (purpose of revocation sentence is to sanction the defendant's breach of the court's trust). The record does not support Seymour-Smith's contention that the court imposed the sentence to punish his new criminal conduct.

Seymour-Smith also contends that his sentence is substantively unreasonable because it accomplishes no statutory goal and impairs his rehabilitation. The district court did not abuse its discretion. *See Gall v. United States*, 553 U.S. 38, 51 (2007). The consecutive 12-month sentence is substantively reasonable under the totality of the circumstances and the 18 U.S.C. § 3583(e) factors, including the seriousness of Seymour-Smith's breach of the court's trust and his criminal history. *See Gall*, 552 U.S. at 51.

**AFFIRMED.**